**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JOHNATHAN PINNEY**　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #173141**

**V.**　　　　　　　　　　**CASE NO. 4:19-cv-00509 JM**

**JOHNATHAN JAMES**, *et al*.　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

Plaintiff Johnathan Pinney, in custody at the Ouachita River Unit of the Arkansas Department of Corrections ("ADC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*, which, after some time and a remand by the United States Court of Appeals for the Eighth Circuit, was granted by United States Magistrate Judge Patricia S. Harris on June 25, 2020. (Doc. Nos. 13, 44). Also on June 25, 2020, Judge Harris screened Pinney's claims pursuant to 28 U.S.C. § 1915(e) and gave Pinney the opportunity to file an amended complaint because his claims, as set out in his Complaint, failed to state a claim on which relief may be granted. (Doc. No. 44 at 3-5).

On July 22, 2020, Pinney filed his Amended Complaint. (Doc. No. 45). He added United States District Judge Susan Webber Wright and Judge Harris as Defendants, among others, which prompted both Judge Wright and Judge Harris to recuse. (Doc. Nos. 46, 48). This case was then reassigned to the undersigned, and the referral of this case to a Magistrate Judge was withdrawn. (Doc. Nos. 47, 49). The Court will now continue screening Pinney's Amended Complaint. (Doc. No. 45).

## I. Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly*, 550 U.S. at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Discussion

Pinney sued 23 named Defendants in addition to unidentified Doe Defendants. (Doc. No. 45). The Defendants range from the State of Illinois to Judges Wright and Harris to Fairfield Bay, Arkansas, Police Lieutenant Waring. (*Id.*) Plaintiff's claims involve allegations that he was "effectively exiled from [his] home state" of Illinois as a result of

"La Salle County having adopted an unconstitutional stance towards [Pinney] as a homeless individual documented in the proceedings of 2006-CF-39 . . . ." (*Id*. at 4, 5.) At some point, Pinney relocated to Arkansas, where he was arrested and taken to what the Court understands to be the Van Buren County Detention Center. (*Id*. at 7-10; Doc. No. 1). While at the Detention Center, Pinney claims he did not see a judge within 72 hours and fellow inmate Johnathan James allegedly "punched [Pinney] in the face so hard he tore half [of Pinney's] bottom lip through on [his] teeth and shattered one of those teeth," which Pinney maintains triggered double jeopardy issues. (Doc. No. 45 at 11). After the altercation, Pinney was returned to the barracks with James and other inmates who were violent towards Pinney. (*Id*. at 11-12).

Pinney also alleges that while he was at the Detention Center, he was subjected to unconstitutional conditions, including: interference with his communications; violation of his right to access the courts; extreme heat and cold; inadequate amounts of food; and no television. (*Id*. at 11-14). After complaining about the conditions of his confinement, Pinney makes allegations about unconstitutional alliances between government agents. (*Id*. at 15-17).

Pinney further maintains that he: was denied medical care while in the ADC; should be allowed to have a cell phone in the ADC; and should be allowed to receive medical marijuana while in the ADC. He also believes that "the states' invasion into the sexual choices of the people is patently religious in nature and therefore unconstitutional (*Id*. at 24), among other allegations. (*Id*. at 18-27). He seeks damages and asks to have the

multiple cases he has filed in this Court combined into one action, among other relief sought. (Doc. No. 45 at 27-29).

When Judge Harris gave Pinney the chance to file an Amended Complaint, she explained that:

> [t]o state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

(Doc. No. 44 at 4).

Judge Harris also explained that "[b]are allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678." (*Id.*)

Frivolous Allegations

The Court notes that a substantial amount of the claims in Pinney's Amended Complaint are frivolous. For example, as mentioned above, Pinney asserts that "[t]he States' invasion into the sexual choices of the people is patently religious in nature and therefore unconstitutional." (Doc. No. 45 at 24). His claim continues:

> The Judeo-Christian religious set is the documented source of the institution of marriage practices itself and thus placing such as a requirement violates 1st Amendment. Similar rulings have already been reached in regards to the possession of pornography, though the law has not been resolved when it regards the subject of persons under an arbitrarily set age (given that often of

4

18 as a minimum despite 2 states permitting the religiously set age of maturity of 12/13 to engage in marriage with parental consent). A dehumanization of such persons has resulted from these practices. Moreover it has denied people the right to found a family with the bodily functions that have fully developed; and have often led to other oppressive liberty denials, or other advancement opportunities being withheld.

I've seen both sides of the spectrum from children as young as 9 who had extremely refined mannerisms and intelligence to people aged 41 whom lacked enough common sense to pass a parental fitness exam. Worse I've seen a wide range of reactive adaptations to the oppressive interferences with the family unit, which often include self delusion or false displays of rage or violence on people for mearly being rhoumored to have been involved in 'improper' conduct. This often excels to Double Jeopardy and trial by circumstance as I experienced in direct relation to Tim Behr and Andrea Donahough and various businesses in Illinois, with police of no benefit to resolve such. Combine in the statutory prosecution of consensual sex acts and the sex offender registration and you have more of the nation laid to waste by designed unjust paths.

Claims are frivolous "where [they] lack[] an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Claims that are legally frivolous or malicious should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

Claims Already Pending

Pinney raises claims here that are pending in an earlier filed case.[1] In *Pinney v. Waring*, 4:19-cv-00138-DPM (E.D. Ark.), Pinney alleged he was unlawfully arrested and

---

[1] After filing the case at hand, Pinney filed further cases in which he made similar allegations to those he raised in his Amended Complaint. *See, for example, Pinney v. Arkansas Department of Corrections, et al.*, 5:19-cv-00229-KGB-BD and *Pinney v. State of Illinois*, 4:19-cv-00510-KGB.

5

charged with terroristic threatening. He raised those claims again in the case at hand. (Doc. No. 45 at 7-10). To the extent Pinney makes claims that are already pending in another case in this Court, he will not be allowed to pursue those claims in this lawsuit. Further, those claims are not properly joined, as explained below.

Claims Not Properly Joined

In his Complaint, Pinney sued Johnathan James, Lieutenant Waring of the Fairfield Bay Police, State Attorney Chad Brown, Judge Foster, Van Buren County Sheriff Lucas Emberton, and Deputy Warden Schamoon. (Doc. No. 1). When he was given the chance to amend his Complaint, Pinney was advised that "only claims properly joined under Rule 20 of the Federal Rules of Civil Procedure will be allowed to proceed together in one lawsuit." (Doc. No. 44 at 5). Judge Harris advised Pinney that Defendants may be joined in one action if "'any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences'" and "'any question of law or fact common to all defendants will arise in the action.'" (*Id*.) (citing FED. R. CIV. P. 20(a)(2).

Rather than limiting his claims to those arising out of the same transaction and having a common question of fact or law, Pinney's Amended Complaint added 17 named Defendants, as well as Doe Defendants; he makes claims regarding his arrest in Illinois, his time at the Van Buren County Detention Center, his time at the Arkansas Department of Corrections, and the way his various lawsuits have been handled, among other things. Pinney's Amended Complaint contains claims and Defendants that are not properly joined in one action. Pinney made allegations against James and raised failure to protect in his

6

Complaint, so the Court will focus on Pinney's claims arising during his time at the Van Buren Detention Center in screening his Amended Complaint. The remainder of Pinney's claims are improperly joined and are dismissed based on that ground.

<u>Claims Arising During Pinney's Time at the Van Buren County Detention Center</u>

Pinney's claims arising during his time at the Van Buren County Detention Center—no timely first appearance, failure to protect, conditions of confinement, and denial of access to the courts (Doc. No. 45 at 9-14)—fail for the reasons set out below.

In connection with his first appearance, the Court of Appeals for the Eighth Circuit has instructed that to find individual liability, a plaintiff "must prove: (1) the official's conduct deprived him of constitutional rights, and (2) the official's actions were taken under color of law." *Hayes v. Faulkner County*, Ark. 388 F.3d 669, 675 (8th Cir. 2004). Here, the Court cannot determine whose conduct Pinney challenges.

The same holds true for Pinney's failure to protect claim. Pinney alleged James punched him in the face. As Judge Harris noted:

> James is a fellow inmate, a private actor. Pinney has not alleged a meeting of the minds with a state actor in connection with the alleged violation of his federally-protected rights. *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999). As such, Plaintiff has not stated a claim against James.

(Doc. No. 44 at 4).

Pinney still has not sufficiently alleged a meeting of the minds between James and any state actor; any claim against James fails for that reason.

Pinney claimed he was placed with James again after James punched him. But Pinney does not explain which Defendants knew of, but deliberately disregarded, the risk

to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010). Accordingly, he did not state a failure to protect claim upon which relief may be granted.

According to Pinney, his right to access the courts was violated. (Doc. No. 45 at 13). But Pinney, again, does not explain who allegedly violated his rights. Pinney also does not explain how he was harmed by the alleged violation. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007).

Remaining are Pinney's conditions of confinement claims. He alleged the Detention Center was extremely hot and cold due to poor management, the portions of food served left him hungry, there was no mindless entertainment or means to keep up with current events because the administration refused to reinstall the television sets, and that a lack of communication prevented him from accessing funds to bond out. (Doc. No. 45 at 12-14). Pinney was directed to file an Amended Complaint that "provide[d] specific facts against each named Defendant in a simple, concise, and direct manner . . . ." (Doc. No. 44 at 5). Despite specific instruction, and while he named Van Buren County Sheriff Emberton as a Defendant in his personal and official capacities, Pinney failed to describe any action on the part of Defendant Emberton—or any other Defendant—in connection with his conditions of confinement claim. Further, municipalities may be held liable "'when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible for under § 1983." *Coleman v. Watt*, 40 F.3d 255, 261 (8th Cir. 1994) (internal citation omitted). But no named Defendant is alleged to be the maker of any policy or practice, and no named Defendant is alleged to have

implemented or executed any policy or practice. Again, bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Pinney's conditions of confinement claims fail to state a claim on which relief may be granted.

### III. Conclusion

1. Pinney's claims unrelated to his time at the Van Buren County Detention Center are DISMISSED WITHOUT PREJUDICE as improperly joined.

2. Pinney's claims arising during his time at the Van Buren County Detention Center (untimely first appearance, failure to protect, conditions of confinement, and denial of access to the courts) are DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted.

3. Pinney's Amended Complaint is DISMISSED.

4. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

5. This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal taken from this Order and accompanying Judgment is considered frivolous and not in good faith.

---

[2] The Court notes that during the pendency of the case at hand, a third case filed by Pinney was dismissed on the grounds that it was frivolous or failed to state a claim on which relief may be granted. *See Pinney v. Organizations and Agents of the States*, Case No. 1:11-cv-4480 (N.D. Ill.); *Pinney v. Bureaucracy*, Case No. 1:11-cv-4481 (N.D. Ill.); and *Pinney v. State of Illinois, et al.*, Case No. 1:19-cv-8338 (N.D. Ill.).

IT IS SO ORDERED this 29th day of July, 2020.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE